**Robert C. McGURRAN, S.A.L., as a member and on behalf of Local No. 1557, et al., Plaintiff-Appellant,**

v.

**VETERANS ADMINISTRATION, Defendant-Appellee.**

**No. 80–1534.**

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Oct. 1, 1981.

Decided Dec. 1, 1981.

Donald A. Brenner, Denver, Colo., for plaintiff-appellant.

Roland J. Brumbaugh, Asst. U. S. Atty., Denver, Colo. (Joseph Dolan, U. S. Atty. and C. Scott Crabtree, Asst. U. S. Atty., Denver, Colo., with him on brief), for defendant-appellee.

Before SETH and BREITENSTEIN, Circuit Judges and KUNZIG,* Judge.

BREITENSTEIN, Circuit Judge.

This is a suit by a local union and some of its members to enjoin the Veterans Administration from enforcing a regulation forbidding the display of posters in work areas other than on a union bulletin board. The claim is that the Veterans Administration action denied First Amendment rights. The district court denied the injunction and dismissed the action. We affirm.

On May 17, 1978, the Union, Local No. 1557, American Federation of Government Employees, distributed posters prepared by and printed for it to over 50 employees of the Veterans Administration, VA, Regional Office in Denver, Colorado. The posters showed a caricature of President Carter and announced the Union's intention to protest a "pay cap" or limit on federal salary increases. The posters were displayed by employees on walls, room dividers, and filing cabinets in the VA offices. The Assistant Director of the VA office ordered the removal of the posters because of violations of governmental regulations and the Union contract.

Regulations provide that, with limited exceptions, material may not be posted in government buildings. One exception permits recognized labor organizations to post material in a space provided by a government agency. See 41 C.F.R. § 101–20.703(e) and 41 C.F.R. § 101–20.308. The Agreement between the Union and VA provides, Art. 6, § 2, that:

"The union will be provided a centrally located bulletin board for posting notices and union literature." .

VA provided a bulletin board. A copy of the poster in question was placed and remained there. The posters were produced by the national union and distributed to the employees' desks by representatives of the local before the start of the working day. This distribution was authorized by VA regulation MP–5, Part I, Chap. 711, § G 1 i b.(1). The issues narrow to the VA prohibi-

tion of the large 11″ by 17″ posters at locations other than the union bulletin board. The union and its members say that the restriction impermissibly burdens their First Amendment right of expression.

The VA office in question is a government owned facility where matters pertaining to veterans are processed. The union bulletin board is accessible and viewable. The plaintiffs assert selective enforcement of the pertinent regulation and contract provision because VA permitted the display of "pop graffiti" at places other than the bulletin board. The argument is not persuasive.

The "pop graffiti" were individual expressions with which we are not concerned. VA ordered removal of the union posters because of the VA regulations and the Union's agreement restricting the posting of union literature. The Union concedes that it had alternative means of communication on Union matters with its members. The availability of alternatives is a relevant factor. *Pell v. Procunier*, 417 U.S. 817, 824, 94 S.Ct. 2800, 2805, 41 L.Ed.2d 495.

■ The VA restriction had nothing to do with subject matter content of the poster but rather with the place of posting. Cf. *Hudgens v. National Labor Relations Board*, 424 U.S. 507, 520, 96 S.Ct. 1029, 1036, 47 L.Ed.2d 196. The First Amendment does not guarantee the right of expression at any place a person may choose. *Greer v. Spock*, 424 U.S. 828, 836, 96 S.Ct. 1211, 1216, 47 L.Ed.2d 505. The government may "preserve the property under its control for the use to which it is lawfully dedicated." *Adderley v. Florida*, 385 U.S. 39, 47, 87 S.Ct. 242, 247, 17 L.Ed.2d 149. First Amendment rights are subject to reasonable restrictions on the time, place, and manner of exercise. *Cox v. Louisiana*, 379 U.S. 536, 558, 85 S.Ct. 453, 466, 13 L.Ed.2d 471.

■ The constitutionality of a restriction on expression by a government employee requires a balancing of the competing interests of the parties. *Pickering v. Board of*

---

* Robert L. Kunzig, Judge of the U. S. Court of     Claims sitting by designation.

*Education*, 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811. The government has a legitimate interest in promoting the efficiency and productivity of its employees at their work places. The district court found that because of the work nature of the areas where posting was prohibited and the alternate means available for expression, the Union and its members had been denied no First Amendment right. We agree. See *Connecticut State Federation of Teachers v. Board of Education Members*, 2 Cir., 538 F.2d 471, 480.

[4] The restriction on place of posting was agreed with the Union, was reasonably necessary to further substantial and legitimate government interest in assuring an area for productive work, and had minimal effect, if any, on the expression of ideas. See *United States v. O'Brien*, 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672.

Affirmed.